UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUSTAVO LEOPOLDO SALAZAR-UBEDA,

Petitioner,

v. Case No.: 2:26-cv-03043-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________________/

## OPINION AND ORDER

Before the Court are Gustavo Leopoldo Salazar-Ubeda's Amended Petition for Writ of Habeas Corpus (Doc. 2), the government's response (Doc. 5), and Salazar-Ubeda's reply (Doc. 6).

Salazar-Ubeda is a native and citizen of Nicaragua who was paroled into the United States in 2022. He timely filed an application for asylum and withholding of removal, which remains pending. Salazar-Ubeda has employment authorization and no criminal record. On September 2, 2026, Immigration and Customs Enforcement (ICE) arrested Salazar-Ubeda in a targeted operation. ICE commenced removal proceedings the next day. Immigration Judge Liviu Lungu conducted a custody redetermination hearing on September 21, 2026. He denied bond with a two-word order: "Flight risk." Salazar-Ubeda appealed, and Judge Lungu explained the grounds for his

decision in a bond memorandum—a speculative asylum claim, limited family ties to the United States, the duration of his residence in the U.S., and a lack of proof of consistent employment. (*See* Doc. 2-8 at 3-4).

Salazar-Ubeda asserts two counts for habeas relief. Count 1 purports to challenge the adequacy of the process the government afforded Salazar-Ubeda in the custody redetermination hearing, but it asks the Court to reweigh the evidence and overrule Judge Lungu's decision. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). The proper way to challenge Judge Lungu's discretion is appeal to the Board of Immigration Appeals (BIA).

Salazar-Ubeda's second count asserts the bond hearing was constitutionally inadequate because Judge Lungu allocated the burden of proof to Salazar-Ubeda. The Court does have jurisdiction over Count 2 because it is a bona fide due process challenge to the procedure underpinning his detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003). The government's response does not address Count 2 at all.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend.

V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Salazar-Ubeda's favor. First, the right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the

respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). The First Circuit identified several reasons why allocating the burden of proof to a detained noncitizen can lead to erroneous outcomes: (1) noncitizens have no right to appointed counsel in immigration proceedings and often cannot obtain counsel on their own, particularly when they are detained; (2) it is difficult for detained individuals to obtain evidence, while the government has ready access to relevant documents; (3) noncitizens in immigration detention often lack full proficiency in English; (4) government attorneys better understand immigration law and procedures and the particular preferences of individual immigration judges; and (5) proving a negative like lack of danger is often more difficult than proving a cause for concern. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 30-31 (1st Cir. 2021). For these reasons, placing the burden on the noncitizen allows for detention based on lack of evidence rather than proof of a special justification.

Third, the government has a legitimate interest in ensuring noncitizens' appearance at future immigration proceedings and preventing danger to the community. A bond hearing at which the government bears the burden of proof serves those interests while "minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d. Cir. 2020); *see also Tejada v. Powell*, --- F. Supp. 3d ---, 2026 WL 2240991, at *8 (N.D. Ala. 2026) (identifying direct and indirect costs unnecessary detention imposes on government and society).

For these reasons, the Court finds that the Due Process Clause of the Fifth Amendment requires the government to bear the burden of proof at a custody redetermination hearing. The Court will thus order the respondents to either bring Salazar-Ubeda before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Salazar-Ubeda receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Gustavo Leopoldo Salazar-Ubeda's Amended Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Salazar-Ubeda for an individualized bond hearing before an immigration judge or (2) release Salazar-Ubeda under reasonable conditions of supervision. If the respondents release Salazar-Ubeda, they must facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record